FILED

MAY 30 2008

Clerk, U.S. District and
Bankruptcy Courts

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Henry W Geter II**
100 Mich. Ave. N.E.   Suite A-11
Washington DC  20017
202/986-2264
    **(Plaintiff)**

vs.

**Horning Brothers Corporation**
**Joseph P. Horning** (Agent)
1350 Conn. Ave.  N.W. Suite 800
Washington D.C. 20036

**David P. Durbin**
1100 Connecticut Avenue N.W.   Suite 600
Washington D.C.  20036

**Ms. Veda S. Brinkley**
Ass't Property Manager (Horning Brothers Corp.)
1350 Conn. Ave.  N.W. Suite 800
Washington D.C. 20036

**Ms. Connie Fletcher**
Manager the Cloisters (Horning Brothers Corp.)
100 Mich. Ave. N.E.  Suite A-21
Washington D.C. 20017
    **(Defendants)**

**Conspiracy To Interfere With Civil Rights; Fraud; Deliberate Indifferent; and Defamation.**

**Jury Trial Demanded**

Case: 1:08-cv-00929
Assigned To : Unassigned
Assign. Date : 5/30/2008
Description: Civil Rights-Non-Employ.

*JURY ACTION*

**COMPLAINT**

[ Pleadings in this case are being filed by Plaintiff in propria persona, wherein pleadings are to be considered without regard to technicalities: " Propria, pleadings are not to be held to the same high standards of perfection as practicing lawyers. *Haines v. Kerner* 92 Sct. 594]

RECEIVED
MAY 21 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

INTRODUCTION

**The primary cause of this action** is a long term inaction engaged in the violation of federal *r*ights by a conspiracy to engage in the masking of and obstruction of justice, a deliberate in difference to statutory rights and defamation, inflicting severe economic hardship upon Plaintiff; from the period October 2003 through April 2008, with the intent of impairing, obstructing, preventing and discouraging Plaintiff from his enjoyment of his ' *r*ights ' as a nature citizen of the United States to whom the federal law protect. As held to his official request for '*Reasonable Accommodation*.'

The acts, deeds, conduct or inactions alleged in this Complaint have been done by the Defendants and were performed by their choice or representation, while engaged in the management, direction, control or transaction of Defendants' *Business Affairs*. During a part of all of the time period covered by this Complaint, each of the Defendants' identified below have participated with each other, in the violations alleged in this Complaint. *[Business Torts h*eld to: e.g. negligent misrepresentation, deceit, civil conspiracy, fraud, and violation of Constitutional and Statutory laws.*]* A *f*orth coming '*m*emorandum' shall fully *i*ncorporate all of these 'issues.'

**Legal Review : Supreme Court citing...**

**Unto this action of a CONSPIRACY ...** *C*onspiracy is not necessary element

Pg 1

of sec.1983, but proof of civil conspiracy may broaden scope of liability under sec. 1983 to include individuals who are part of conspiracy and who do not act directly to deprive plaintiff of federal statutory and or constitutional rights ... *Pryor v. Cajda*, N.D. Ill. 1987, 662 F.Supp. 1114   Here! " The conspiracy, in others words, must aim at a deprivation of the equal enjoyment of *r*ights secured by the law to *a*ll."   *Griffin*, supra at P. 102, 91 S.Ct. at P. 1798.   **Such is the " Issue "... behind the filing of this Complaint.** *A issue upon one's RIGHTS*.

Plaintiff can use 42 U.S.C. sec. 1983 to sue for violation of statutory *r*ights where the violation is held to a conspiracy when reviewed to a legal cause of action. The Supreme Court further citing: in Maine v. Thiboutot, " sec. 1983 provides a cause of action for violations of Federal statutes as well as the Constitution." That sec. 1983 speaks in terms of '*r*ights, privileges or immunities,' not merely  ... violations of Federal Law, and so, the first question is: What is a '*R*ight.'? Thus unto this action we review the issue as a *C*onspiracy to *I*nterfere with *C*ivil *R*ights; as held to Defendant's *D*eliberate *I*ndifferent to its constitutional *l*anguage.

On information and belief, Federal and state laws make it a crime to obstruct justice. Obstruction of justice in the Federal courts is governed by a series of

Pg 2

criminal statutes ( 18 U.S.C.A. ss 1501 - 1517 ), which aim to protect the integrity of Federal Judicial Proceedings. Section 1503 is the *p*rimary vehicle for punishing those who obstruct or who endeavor to obstruct Federal Judicial Proceedings. Section 1503 too! proscribes obstructions of justice aimed at judicial officers ( *l*awyers). Who attempt to *i*nterfere with the administration of the courts, and or the judicial system by *i*mpairing one's effort to a court trial . Given the Defendant's continued and obstruction of *r*ights to the process of the law, beginning in October of 2003 and continuing to the *p*resent, the Plaintiff must have fair access to the law with the opportunity for any and all remedial action required under the Federal and state statutes, when his *r*ights are violated.

Further! Rule 12 (b)(6) does not countenance dismissals based on a judge's disbelief of a complaint's factual allegations, in applying the <u>Conley v. Gibson</u> standard, the court will '*a*ccept the truth of the well-pleaded factual allegations of the complaint.'

The court construes pro se complaints liberally. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). Thus " when an in forma paupers Plaintiff raises a *c*ognizable claim, his complaint may *n*ot be dismissed sua sponte for frivolousness under section 1915(e)(2)(B)(i) even if the complaint fails to ' flesh out all the required details.'

Pg 3

Livingston v. Adirondack Beverage co., 141 F.3d 424, 437 (2d Cir. 1998).

**Plaintiff alleges** that the violations of Constitutional and Statutory Rights in Law stands behind his Complaint. In 1999 2nd U.S. Circuit Court of Appeal in Gant vs. Wallingford Board of Education... the court held via definition " deliberate indifference can be found when the defendant's response to known discrimination' is clearly unreasonable in light of the known circumstances." *F*urther in the law! ... The Law in Statute ...**Title 18 U.S.C. Section 2451(b) [Prohibits** *w*illful injury, intimidation, or *i*nterference, or attempt to do so, by force or threat of force of any person or class of persons because of their activity as ... a participant in any benefit, service, privilege, program, facility, or activity provided or *a*dministered by the United States.] *A*nd in particular the **Fair Housing Act. Further in law!** The *d*etriments of the *i*nterference, can be brought upon the review and examination of the past and current records: *Corporation Board Meeting of Minutes* ... upon its policies as held to the Fair Housing Act..
This Lawsuit will bring in evidence as an *a*ffidavit, investigator said testimony of the U.S. Government [ incriminating evidence ] of Defendant's direct knowledge and its harboring, barring, conspiracy to prevent, and deprive Plaintiff *r*ights to pursue the accommodations given to his disability, govern to federal statutory law.
Pg 4

**Plaintiff Henry W. Geter II alleges as follows**

## JURISDICTION AND VENUE

1. Plaintiff brings this action to redress a Conspiracy To Interfere With Civil Rights; *r*ights secured by the Constitution thereto Title 42 U.S.C. Sections 1985(3), Fraud; Deliberate Indifference; and Defamation ~ Perjury.

2. The violation's described occurred in the Judicial District of the District of Columbia; are in *continuous effect* as of this filing, and not *b*arred to the statute of limitation.

3. The Parties named reside in or acted within the Judicial District of the District of Columbia.

4. The matter of controversy exceeds the sum of $ 100,000.00, exclusive of interest and costs.

5. The Court has Jurisdiction pursuant to 28 U.S.C. section's 1331, and 1343, and and 42 U.S.C. 3612 (o).

6. Plaintiff also invokes supplemental Jurisdiction over State and Common Law claims pursuant to 28 U.S.C. section 1391 (a) (b) and (c).

7. Venue is proper in this District pursuant to 28 U.S.C. section 1391 (a) (b) and (c).

## PARTIES

8. Plaintiff Henry W. Geter II is an individual person, a citizen of the United States,

Pg 5

and a resident of the District of Columbia, residing at the Apartment Complex. The " Cloisters "; as one of its disable tenants, in receipt of disability checks.

9. Defendant Horning Brothers Corporation is a known developer / manager of properties within the Metro Washington DC Community, and at all times material, acted within the resident of the Judicial District of the District of Columbia, as such is the Prime Manager of the property The " Cloisters ".

10. Defendant David P. Durbin Esq. was at all times material, a partner in the firm JORDAN COYNE & SAVITS, LLP with an Office within the District of Columbia, and Lead Counsel in representation of the other Defendants..

11. Defendant Veda S. Brinkley is an individual person and, at all times material, was Assistant Property Manager, Horning Brothers Management, and at all material, was an employee of the Horning Brothers Corp. of the Judicial District of the District of Columbia; mentioned property The " Cloisters."

12. Defendant Connie Fletcher is an individual person and, at all times material, was Manager of The " Cloister," property to which the Plaintiff has, resided for six (6) years within the Judicial District of the District of Columbia.

13. Defendants Veda S. Brinkley and Connie Fletcher, at all times material,

Pg 6

jointly and concurrently supervised and administer, they, the statutory policies upon the Apartment ~ Complex - The "Cloisters," of the Judicial District of the District of Columbia, policies that are govern to HUD ... Fair Housing Act [*A*ct].

## GENERAL ALLEGATIONS

14. On or about the followings dates, Defendants Horning Brothers Corporation, Veda S. Brinkley, and Connie Fletcher received a *R*equest for '*Reasonable Accommodation* ' from the Plaintiff [ Fair Housing Action ], where Defendants conspired to bar, deprive, prevent and or conceal his *r*ights, under color of *s*tatute, and namely his personal and lawful efforts to its benefits [*r*ights].
    a. October 26th, 2003.
    b. February 22nd, 2007.

15. Defendant Horning Brothers Corporation had an affirmative duty under 42 U.S.C. 1986 to *a* prevent or aid in the preventing conspiracies to deprive Plaintiff of his *r*ights under the U.S. Constitution, if they had prior knowledge of the conspiracy, and *b* prevent or aid in preventing acts that deprive Plaintiff of his *r*ights under U.S. Constitution if they had prior knowledge

Pg 7

of the Acts, where Plaintiff requested Reasonable Accommodation actions.

16. Defendants Veda S. Brinkley by her egregious actions [conduct], did abuse the *s*tatute and civil process of law depriving Plaintiff of his civil *r*ights in violation of 42 U.S.C. section 1983, governing the **R**easonable **A**ccommodation request of the Plaintiff; and in furthering: *T*itle 18 U.S.C. sec. 2451(b).

17. Defendants Veda S. Brinkley and Connie Fletcher did egregious conspire together and acted in furtherance of a *c*onspiracy to deprive Plaintiff of his civil *r*ights in violation of 42 U.S.C. 1985(*3*).

18. Defendants Veda S. Brinkley and Connie Fletcher by their inactions [conduct] and negligence, failed to in preventing the conspiracy acts against the Statutory *R*ights of the Plaintiff in violation of 42 U.S.C. section 1986.

19. Defendants Horning Brothers Corporation, Veda S. Brinkley and Connie Fletcher obtained significant assistance from David P. Durbin in furtherance to depriving Plaintiff of his *r*ights in a Judicial Process under the act of civil *p*erjury, in violation of 18 U.S.C. 1621, the Federal Perjury Statute.

20. Defendant David P. Burdin as an *O*fficer of the Court, did perpetrate a crime of fraud [*p*erjury] against the Plaintiff in his representation(s) of the Defendants.

Pg 8

20 (a) **OVERT ACTS** ... performed to execute the criminal intention

*I*n furtherance of this conspiracy and to accomplish its objectives, the defendants did perform and caused to be performed the following <u>overt acts</u>.

Interference With Housing *R*ights:

On or about October 26th, 2003 through February 22nd, 2007, the Defendants, Horning Brothers Corp., Veda S. Brinkley and Connie Fletcher... did perform and cause to be perform a conspiracy against the federal *r*ights of the plaintiff actions to seek the benefits of a federal program and its *r*ights. *R*ights! due him by his being a member of a class of people [ disable ], to which the benefits were directed to assist by a legislative act of Congress [ The Fair Housing Act ].

Fraudulence Misrepresentation:

On or about January 25th, 2008, the defendants did submit a certify copy of its **<u>Response To Request For Admission Of Fact</u>** of the Plaintiff... did perform and cause to be perform a civil perjury unto the court judicial proceedings in violations of the plaintiff rights to fair review of the issues in law. Defendants Veda S. Brinkley and David P. Durbin ... did perform and cause to be perform a civil perjury making of false and defamatory statements of facts, concerning the Plaintiff, supported by the *r*esponse statements pleaded by the Defendants; as communicated and filed upon the Records of the Court.

This " *c*onspiracy " is based upon the discriminatory finding of the federal government. And that Section 1985(3) was legislated enacted to provide a federal ' *r*ight ' in law where a *c*onspiracy can be seen when a class - based discrimination animus is present; depriving a citizen ( victim ) of his constitutional *r*ights.

Pg 9

## FIRST CLAIM FOR RELIEF

### [ Conspiracy To Interfere With Civil Rights... 42 U.S.C. section 1985(2)(3) ]

Plaintiff realleges paragraphs 1 through 20 (a):

21. Defendants Horning Brothers Corporation, Veda S. Brinkley and Connie Fletcher had an affirmative duty under 42 U.S.C. section 1986 to *a* prevent or aid in preventing conspiracies to deprive Plaintiff of his *r*ights under the U.S. Constitution if they had prior knowledge of the conspiracy, and *b* prevent or aid in preventing acts that deprive Plaintiff of his *r*ights under the U.S. Constitution if they had prior knowledge of the acts.

22. Defendants Horning Brothers Corporation, Veda S. Brinkley and Connie Fletcher did directly and indirectly deprive Plaintiff of his *r*ights; access to a Statutory Act [ The Fair Housing Act ], a federal rights.

23. Defendants Horning Brothers Corporation, Veda S. Brinkley and Connie Fletcher as a direct and proximate cause of Defendant's actions under color of *s*tatute, Plaintiff was barred from his *r*ights of access to a Statutory Act.

24. Plaintiff therefore is entitled to compensatory, and punitive damages on his First Claim for Relief in the amount of $ 50,000,000.00.

Pg 10

## SECOND CLAIM FOR RELIEF

**[ Fraud, Obstruction of Justice ]**

Plaintiff realleges paragraphs 1 through 24

25. Defendant David P. Durbin had a affirmative duty to:

   a. reasonably inquire whether the Defendants' suppressed the facts by concealment of materials evidence upon the Plaintiff's Complaint;

   b. reasonably inquire whether the court pleadings of the defendants were true, not held to *p*erjury [ reviewed to *f*ederal and *s*tatutory law ];

   c. prevent the filing of court pleadings signed by him were presented for an improper purpose [knowing of its perjuring, fraudulent status];

   d. know and /or knew the court pleadings signed by him were *f*raudulence by existing law [ in violation of SCR 20: 8.4(c) ];

   e. investigate fully Defendants [his clients] actions that they did knowingly and *w*rongfully, concurrently imposed an obstruction of justice upon the Plaintiff; while he continuing to file a defensive pleading *s*ustain to a conspiracy actions of his Clients against the Statutory Act without probable cause, his knowing that the alleged filed claims of the Plaintiff satisfied the requisites of the Statute.

Pg 11

26. Plaintiff therefore is entitled to compensatory, and punitive damages on his Second Claim for Relief in the amount of $ 50,000,000.00

### THIRD CLAIM FOR RELIEF

[ **Deliberate Indifference** ]

Plaintiff realleges paragraphs 1 through 26

27. Defendants Horning Brothers Corporation, Veda S. Brinkley, and Connie Fletcher knew or should have known, their actions lacked legal arguments, *s*uppressed the transaction held to the Statutory *R*ights owed the Plaintiff.

28. Defendant Horning Brothers Corporation did neglect to perform their duty under 42 U.S.C. section 1986 to prevent or aid in preventing a conspiracy against Plaintiff's civil *r*ights; restraining access to a *F*ederal *safety initiative*.

29. Defendants David P. Durbin did neglect his duty not to authorize, sign, or file fraudulence pleadings for improper purposes against the Plaintiff in *C*ourt.

30. As a direct and proximate result of the Defendant's actions, Plaintiff was harmed in the exercise of his civil *r*ights; governed to civil *p*erjury. .

31. As a direct and proximate result of the Defendant's actions, Plaintiff was harmed in his ability to effectively pursue the Constitutional *R*ights owed to him; a *c*onspiracy in law preventing his participation in a *m*andated act

Pg 12

f. That all Defendants be jointly and severally liable for such award.

g. Whatever other relief this Court deems just and equitable.

**Jury Trial is demanded pursuant to FRCiviP 38.**

...

On information and belief, in civil cases, if a lawyer knows that a client or a witness will give false testimony, the lawyer is absolutely precluded from calling the witness at hearing or trail and *s*oliciting the false testimony. This requirement is not discretionary with the lawyer – it is *m*andatory. Unto a clients credibility, a lawyer have a duty to *s*top the proceeding and tell the court if his or her client(s) knows they are *misrepresenting the facts*. The non-reporting of this material evidence, attaches to a *c*onspiracy to interfere with a plaintiff *r*ights. *F*urther! A lawyer may *n*ot become an active participant in the *client's unlawful activity*, and doesn't have immunity if the lawyer becomes the aider and abettor of unlawful conduct of the Defendants' Conspiracy.

**In Analysis** ... The Florida Supreme Court has acknowledge: *w*orst of all, it is *n*ot uncommon for a bar member to institute misconduct of perjury, fraud, deceit, among other malfeasance in cases where pro se non-lawyer are involved, when their client's defeat is obvious.

Pg 15

[*N*]ow the question (?) raise, *d*id the occasions deprive the pro se litigant of all constitutional and statutory **RIGHTS** .. - *in a majority of instances they have been quite successful.* " This is an area in which statutory and constitutional provisions overlap. *A*nalysis therefore begins with the provisions of the statutes, though it may not necessarily *e*nd there. " *Worden v. Montana Bd. of Pardons and Parole*, 1998 MT 168 37. [ As held to a ' constitutional language issue.' ]

...

On information and belief, " Defendants may not prevail on the motion for judgement on the pleadings if Plaintiff's pleading contain allegations that would permit recovery if proven." <u>Thayer v. Herdt</u>, 155 Vt. At 456, 586 A.2d at 1126.

*IN REVIEW Brennen v. Kirby, 529 A.2d 633, 637 (R.I. 1987)* " The court will look to the intentions of the legislature in enacting the statute and will *n*ot construe a statute to reach an absurd result."

*NOW COME Griffin v. Breckenridge, 403 U.S. 88* ... upheld the application of sec. 1985(3) to purely private *c*onspiracies aimed at *i*nterfering with

Pg 16

*r*ights constitutionally protected against <u>private *e*ncroachment</u>

Respectfully Submitted,                              Dated: 5/21/08

/s/ Henry W. Geter II
*H*enry W. Geter II / Pro Se
100 Mich. Ave. N. E.  Ste A-11
Washington DC 20017
1 /202/ 986-2264

Pg 17